# UNITED STATES DISTRICT COURT

Middle District of North Carolina

| | | |
|---|---|---|
| GEORGE D. LANGLEY, | ) | |
| | ) | |
| Petitioner, | ) | 1:04CV952 |
| | ) | 2:96CR95-1 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### O-R-D-E-R

On February 25, 2005, in accordance with 28 U.S.C. § 636(b), the Recommendation of the United States Magistrate Judge was filed and notice was served on the parties in this action and a copy was given to the court.

Within the time limitation set forth in the statute, Petitioner objected to the Recommendation.

In the court's review of the portions of the Magistrate Judge's Recommendation to which objection has been made, it is appropriate that the court begin by noting Petitioner's post-Recommendation filings. The Recommendation was filed on February 25, 2005. First, Petitioner filed A Motion For Citation Of Supplemental Authority (docket no. 61); second, he filed his Objections (docket no. 62); and last of all, he filed another Motion For Supplemental Authority (docket no. 63). The court has carefully reviewed all these filings and remains convinced that the Magistrate Judge's Recommendation is correct and in accordance with law.

The upshot of Petitioner's filings is his effort to avoid the operation of the statute of limitations by his contention 1) that his attorney failed to tell him that his petition for certiorari had been denied by the United States Supreme Court, see Objections, p. 1, and 2) that recent decisions of the Supreme Court should be retroactive and serve to invalidate his sentence. The Magistrate Judge addressed the contention of attorney error in failing to tell Petitioner about the denial of the petition for certiorari, and the court adopts the analysis of this question set out in the Recommendation. The Magistrate Judge also addressed the contention of the retroactivity of recent Supreme Court decisions, and again the court adopts the analysis of this question set out in the Recommendation. The court adds the comments which follow only with regard to Petitioner's claim that *United States v. Shepard*, 125 S. Ct. 1254 (2005), decided after the Recommendation was filed, affects his sentence.

In *Shepard*, the Supreme Court addressed the extent to which information about prior convictions stemming from guilty pleas may be considered by a later sentencing court. More to the point, the Court was concerned that information about prior burglary convictions which might enhance a later sentence be limited to the terms of the charging documents, or a statement of the factual basis for the earlier charges shown by a transcript of the plea colloquy, or by a written plea agreement presented to the earlier court, or by a record of comparable findings of fact adopted

2

by the defendant before entering the plea. See 125 S. Ct. at 1259-61, 1263. Petitioner, relying on Shepard, contends that his underlying burglary convictions in the state court did not meet this standard. The problem with Petitioner's argument is that Shepard would have to be retroactive in order for it to have a bearing on Petitioner's sentence. This court concludes that Shepard is not retroactive and it has no application on Petitioner's collateral attack on his sentence.

First, the Supreme Court did not say that Shepard was to be applied retroactively. Second, the Fourth Circuit Court of Appeals has said that a new rule of constitutional criminal procedure is to be applied retroactively only if the Supreme Court has said that it should be so applied, or the Court's holdings logically permit no other conclusion than that the rule is retroactive, or it forbids criminal punishment of certain primary conduct, or it is such a watershed change in criminal procedure that it alters our understanding of the bedrock elements that are necessary to ensure a fair proceeding. San-Miguel v. Dove, 291 F.3d 257, 260 (4th Cir. 2002). Shepard does not meet any of these tests. As Shepard is not to be applied retroactively, Petitioner's habeas petition is time-barred. The court's de novo determination is in accord with the Magistrate Judge's Recommendation.

**IT IS HEREBY ORDERED** that Respondent's motion to dismiss (docket no. 56) be **GRANTED**, and that Petitioner's motion to vacate, set aside or correct sentence [Pleading no. 51] be **DENIED**, and that this action be dismissed with prejudice. A judgment dismissing this action will be entered contemporaneously with

3

this Order. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

                                                                        _[signature]_
                                                UNITED STATES DISTRICT JUDGE

DATE: May 5, 2005